UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cr-00513-JMD |
| | ) | |
| SHARON DOLISI, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF GOVERNMENT'S POSITION AS TO SENTENCING

COMES NOW the United States of America, by and through its attorneys, the United States Attorney for the Eastern District of Missouri, and Gwendolyn E. Carroll, an Assistant United States Attorney for said District, and notifies this Court of the following:

1.    **Acceptance of the Presentence Report**.   The Government accepts and has no objections to the Presentence Report ("PSR").

2.    **No Intent to Present Testimony at Sentencing**.   The Government does not intend to present witness testimony at the sentencing hearing.

3.    **Government's Sentencing Recommendation**.   As set forth in the PSR, the total offense level is 22, and the defendant's criminal history category is I, making the Sentencing Guidelines range of 41 to 51 months.   Pursuant to the terms of the Guilty Plea Agreement, the Government recommends that the defendant be sentenced to a term of time-served.   The United States makes this recommendation in view of the defendant's age (she will be 79 years-old at the time of her sentencing), her lack of criminal history, and the fact that she herself fell victim to this scheme.   As the PSR recognizes, the defendant is 79 years-old, and at the time she first fell victim to the lottery scam in which she is now convicted, she

1

was 75 years-old.  The United States recognizes the necessity for the sentence imposed to deter criminal conduct.  Indeed, both general and specific deterrence were the primary motivators behind the instant prosecution.  Because elder fraud scams are rampant, and represent a serious and ongoing threat to the public good, the United States determined that it was important to hold the defendant responsible for her role in furthering the aims of the conspiracy, despite the fact that she was initially a victim.  However, the United States submits that the fact that the defendant has now received a felony conviction for her role as a money mule will provide sufficient deterrence, both to the defendant herself, and to others who might fall prey to the same mutation of role from victim to perpetrator to which the defendant succumbed.  The defendant has complied with the terms of supervision, and now leads a quiet and law abiding life.  She has accepted responsibility for her role in exploiting other victims, and has not hesitated to acknowledge what many people in her position find to be difficult to concede – that she was taken advantage of, and in turn, took advantage of others.[1]

The United States does not believe that a sentence of incarceration is necessary to satisfy the aims of 18 U.S.C. § 3553(a). Based on the history and characteristics of the defendant and the conduct in this case, the Government further recommends that the defendant be ordered to serve a term of 3 years of supervised release following his term of imprisonment.

---

[1] A non-incarceratory sentence is consistent with the approach taken by the Court in a similar case, *United States v. Glenda Seim*, No. 4:21-cr-00202-SRC, in which an elderly victim-turned-mule was sentenced to a term of 5 years' probation.

2

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

/s/ *Gwendolyn E. Carroll*

Gwendolyn E. Carroll #4657003NY

Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2026, the foregoing was filed electronically and served by operation of the Court's electronic filing system on the attorney for the defendant.

*/s* Gwendolyn E. Carroll
Gwendolyn E. Carroll #4657003NY
Assistant United States Attorney

3